UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GREGORY DON SEARLS (#119196)

VERSUS                                         CIVIL ACTION

DIXON CORRECTIONAL INSTITUTE, ET AL      NUMBER 13-833-BAJ-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 5, 2014.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY DON SEARLS (#119196)

VERSUS                                        CIVIL ACTION

DIXON CORRECTIONAL INSTITUTE, ET AL     NUMBER 13-833-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate currently confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc and Dr. Robert Cleveland.[1] Plaintiff alleged that he was denied adequate medical treatment in violation of his constitutional rights.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The two page complaint was not filed on an approved form. Based on the identities of the named defendants and the nature of the relief sought, it was treated as a § 1983 complaint.

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff's Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during incarceration or detention, the plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[2] On February 11, 2014, the plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $400.00.[3] Plaintiff filed a Motion to

---

[2] Record document number 4, motion; record document number 5, order. Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

[3] Record document number 5.

Take Leave of Court and Request for Certificate of Probable Cause to Seek Appeal of District Court's Ruling to Dismiss Habeas Application Based Upon Inability to Pay Filing Fees, which was treated as an appeal to the district judge of the order denying in forma pauperis status.[4] The motion/appeal was denied.[5]

A review of the record showed that more than 21 days has passed since the plaintiff's motion/appeal was denied. Despite clear notice that he must pay the full filing fee and ample time to do so, the plaintiff has failed to pay the filing fee. Therefore, the plaintiff's § 1983 complaint should be dismissed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's § 1983 complaint be dismissed without prejudice for failure to pay the filing fee.

Baton Rouge, Louisiana, August 5, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 7. Although the title of the motion refers to a habeas corpus application, his complaint sought relief in the form of an injunction requiring the defendant to provide him with medical treatment. The complaint does not assert a habeas corpus claim.

[5] *Id.*

3