# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

GREGORY DON SEARLS

CIVIL ACTION

VERSUS

DIXON CORRECTIONAL
INSTITUTE, ET AL.

NO.: 3:13-cv-00833-BAJ-SCR

## RULING AND ORDER

On August 5, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Gregory Don Searls's ("Plaintiff") Complaint (Doc. 1) be dismissed without prejudice for failure to pay the court's filing fee. (Doc. 8). On February 11, 2014, the Magistrate Judge issued an order finding that Plaintiff had previously filed at least three actions in federal court that were found to be either frivolous or failed to state a claim upon which relief could be granted. (Doc. 5). As such, and in accordance with 28 U.S.C. § 1915(g), Plaintiff was ordered to pay the court's full filing fee within twenty-one (21) days of the order. (*Id.*). Plaintiff has not paid the filing fee.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 8

at p. 1). A review of the record indicates that Plaintiff did timely file objections to the Magistrate Judge's Report and Recommendation. (Doc. 9).[1]

Having carefully considered the Plaintiff's Complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 8)** is **ADOPTED** as the Court's opinion herein.

---

[1] In his objections, Plaintiff reiterates that he sustained injuries to "the cranium and lumbar vertebrae and sacrum region," which have caused "pain and suffering," and "deprived [him] of strength, efficiency and . . . life's wholeness." (Doc. 9 at p. 1). Plaintiff goes on to lament the state of the law, arguing that "the Court should separate it's [sic] self arbitrary rulings which tend to cross the imaginary lines of an adverse interest. For nobler are the laws that distinguish 'man from beast.'" (*Id.* at p. 3). Whether fortunate or not, this Court is bound by precedent to apply the law of the Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit. With respect to Plaintiff's Complaint, the Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *accord, Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir.1998) (per curiam). Plaintiff's general allegations that he has been a victim of physical injuries are not grounded in specific facts indicating that serious physical injury is imminent and thus, are insufficient to meet the exception to § 1915(g). *See Gallagher v. McGinnis,* No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); *Carson v. TDCJ-ID,* No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D. Tex. Dec. 17, 1998) (allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)). Accordingly, Plaintiff's objections are without merit.

**IT IS FURTHER ORDERED** that the above captioned matter be **DISMISSED WITHOUT PREJUDICE**, for failure to pay the Court's filing fee.

Baton Rouge, Louisiana, this 4th day of February, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA